## DAMAGES TO FARM LANDS FROM CHANGE OF GRADE OF RAILWAY.

Circuit Court of Hamilton County.

THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO. v. DELANO CORDRY ET AL.

Decided, June 22, 1907.

*Appropriation—Railways—Change of Grade of—Impaired Access Over Private Right of Way—Evidence as to Damages—Verdict—Remittitur.*

In an appropriation proceeding, preparatory to a change of grade of a railway through farm lands, the assessment of damages to the residue of the tract must be based on present conditions, and not have reference to conditions existing prior to the original location of the railway many years before.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The damage to the residue of 400 acres after the appropriation of the 40-100 acre tract must be based upon the effect such appropriation will have upon present conditions, and not those existing before the railroad was originally located and constructed

many years prior.   The testimony shows that the several owners would sustain substantial damage by reason of impaired access over the private right of way appurtenant to their lands.

The exception to the failure of the court to charge the jury that a roadway to defendant's premises twelve feet wide is substantially as good for the purposes for which it was created as the present road, without regard to the change of grade or other obstruction, is not well taken, and besides the record does not disclose that the court was requested to so charge.

We think the damages awarded are excessive.   One of the defendants, Walter F. Fitch, himself testified that the land would be worth ten dollars an acre less by reason of the improvement, which would amount to $4,000, although the jury allowed $4,750.

The testimony as to the costs of reconstructing the private right of way ranged from thirty-five cents to one dollar per yard for 4,200 cubic yards.

Whether our conclusions be drawn from the evidence of the value of the land before and after the change of grade of the railroad, or from the evidence of the cost of conforming the private right of way to such change of grade, the result is the same, and we think that $3,200 would be a fair and reasonable compensation for injury to the residue of 400 acres.

Unless a remittitur of $1,550 is consented to by the defendants in error the judgment will be reversed.

*Harmon, Colston, Goldsmith & Hoadley and Stanley Shaffer,* for plaintiff in error.

*Alfred B. Benedict and Stanley Struble,* contra.